# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cr-03070-01-MDH |
| ) | |
| SCOTT DAVID FERRY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, Defendant's Motion to Dismiss the Indictment was referred to the United States Magistrate Judge for preliminary review under § 636 (b), Title 28, United States Code.

On November 12, 2015, the Magistrate Judge held a hearing on the matter and subsequently submitted a Report and Recommendation to this Court. (Doc. No. 41). The government did not file exceptions to the Report and Recommendation and the time to do so has expired. Therefore, the matter is now ripe for review.

Defendant moves to dismiss the Indictment on the following grounds: 1) that the Government violated his Sixth Amendment Right to a Speedy Trial by waiting over twenty-two months to transport him from USP Atlanta to the Western District of Missouri for trial; 2) that the Government violated his statutory right to speedy trial under 18 U.S.C. § 3161; and 3) the Government is responsible for an unnecessary delay warranting dismissal under Federal Rule of Criminal Procedure 48(b). The background facts are set forth in the parties' briefs and in the

1

Report & Recommendation. The Court adopts, and incorporates herein, the background facts set forth in the Report & Recommendation.

The government has not filed exceptions to the Report and Recommendation. However, in the government's response to the Motion to Dismiss the Indictment (Doc. No. 23), and during the hearing before the Magistrate (Transcript of Hearing, Doc. No. 40), the government argues that Defendant has not experienced any "real prejudice" as a result of the "unforeseen procedural error" committed by the AUSA, and therefore, the Indictment should not be dismissed.

After a careful and independent review of the record before the Court, the Court adopts the findings and recommendations of the United States Magistrate Judge. As the Report and Recommendation states:

> The Sixth Amendment of the United States Constitution guarantees a criminal defendant the right to a speedy trial. U.S. Const. amend. VI; see *Doggett v. United States*, 505 U.S. 647, 651 (1992). This right "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Shepard*, 462 F.3d 847, 864 (8th Cir.2006) (quotation omitted). To determine whether a violation of the right to a speedy trial has occurred, the court examines four factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *United States v. Erenas-Luna*, 560 F.3d 772, 776 (8th Cir. 2009). In balancing these factors, none is "regarded as either a necessary or sufficient condition to the finding of a violation of the right to a speedy trial." *United States v. Richards*, 707 F.2d 995, 997 (8th Cir. 1983). "Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Barker*, 407 U.S. at 533.

Here, it is undisputed there was a 22 month delay between the indictment and Defendant's initial appearance in this case. It is further undisputed that the delay was a result of the government's error. As a result, the Magistrate correctly applied the factors set forth in

2

*Baker* to analyze and to ultimately determine whether Defendant suffered prejudice as a result of the delay.[1]

The Court should assess prejudice in light of the Defendant's interests, which the right to a speedy trial was designed to protect. *Barker v. Wingo*, 407 at 532. Three interests the Court should consider are: 1) prevention of oppressive pretrial incarceration; 2) minimizing anxiety and concern of the accused; and 3) limiting the possibility that the defense will be impaired. *Id.* Of these three factors, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past." *Id.* at 533. Further, the Court must generally recognize that excessive delay presumptively compromises the reliability of a trial. This is true even when neither party can prove or identify the actual prejudice. *Id.* As a result, in analyzing the fourth *Barker* factor, when the delay is excessive, "the weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows," and our tolerance of ... "negligence varies inversely with its protractedness and its consequent threat to the fairness of the accused's trial." *United States v. Erenas-Luna*, 560 F.3d 772, 779 (8th Cir. 2009).

Here, as set forth in the R&R, the first two factors are not applicable to the facts in this case. The Defendant was already incarcerated on other charges and was unaware of the new charges pending against him. With regard to the third factor, the Court agrees with the R&R. The Court does not find, based on the facts presented in this case, that the Defendant needs to show actual prejudice in order to establish a violation of his constitutional right. There appears

---

[1] As the R&R states, the parties and this Court agree there is presumptive prejudice as a result of the delay.

3

Case 6:13-cr-03070-MDH   Document 42   Filed 12/21/15   Page 3 of 4

to be no justification, other than simple error on the part of the government, for the length of time between the Indictment and Defendant's first appearance.

Nonetheless, Defendant has shown actual prejudice in that the 22 month delay may impair his defense of the case based on his mental status at the time of the alleged incident when he has received treatment over the past 22 months for his mental illness. As set forth in detail in the R&R, all of these factors weigh in favor of the Defendant.

It is **THEREFORE ORDERED** that the Report and Recommendation of the United States Magistrate Judge is **ADOPTED** and incorporated herein.

It is **FURTHER ORDERED** that Defendant's Motion to Dismiss the Indictment (Doc. No. 20) is **GRANTED** and that this case be **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Date: December 21, 2015

                  */s/ Douglas Harpool*
                  DOUGLAS HARPOOL
                  UNITED STATES DISTRICT JUDGE